**Joe TATUM, Appellant,**

v.

**Betty Lou TATUM, Appellee.**

No. 17155.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1970.

**538**

Crouch & Pringle, and Brantley Pringle, Fort Worth, for appellant.

Massie Tillman, Fort Worth, for appellee.

## OPINION

PER CURIAM.

The appeal is from an order of temporary injunction prohibiting the defendant from selling, disposing of, mortgaging or encumbering any of the community or separate property of the parties during pendency of the plaintiff's cause of action for divorce.

 The defendant/appellant deems himself aggrieved by the order because, he insists, he was not the husband of the plaintiff and the situation of the parties was not such that there was a legal marriage relation between them. Only in the event such relationship be existent would there be any right of the trial court to grant temporary injunction in a suit purely presented as one for its dissolution. Vernon's Texas Family Code, Ch. 3, V.T.C.A., "Dissolution of Marriage", Sec. 3.58, "Temporary Orders", and Sec. 3.56, "Inventory and Appraisement".

The evidence introduced on the hearing in the trial court shows that there exists a fact issue upon the question of whether the parties ever accomplished their common-law marriage. It seems to be undisputed that if such a marriage ever existed that it continues to persist. Upon ultimate trial of the case on its merits the determination of the issue of the accomplishment of the marriage will no doubt be the one most material to rendition of any judgment.

Until such trial occurs the *status quo* is preserved by the court's temporary injunctive order. If it had not been granted the defendant probably would have been free to dispose of property which necessarily would be taken into consideration in the event divorce of the parties might be proper. But for the temporary injunction the proper disposition of the subject property might become a *moot question* with the court deprived of jurisdiction.

To preserve the *status quo* is the objective and occasion for temporary injunction. Thereunto a trial court has wide discretion. Here there has been no abuse of discretion.

Affirmed.